J-S33033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN RODRIGUEZ-REYES | |
| Appellant | No. 3097 EDA 2013 |

Appeal from the Judgment of Sentence of October 7, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0004338-2011

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 25, 2014**

Appellant Jonathan Rodriguez-Reyes appeals from the judgment of sentence entered for his violation of parole (VOP) by the Court of Common Pleas of Lehigh County (VOP court).  Appellant's counsel has filed a petition to withdraw, alleging that this appeal is wholly frivolous, and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).  We affirm and grant the petition to withdraw.

The facts underlying this appeal are undisputed.  As recounted by the VOP court:

> On January 17, 2012, [Appellant] received a sentence of time-served to twenty-three (23) months on a charge of [c]riminal [t]respass [18 Pa.C.S. § 3503(a)(1)(i)].  [Appellant] was part of a ruckus at William Allen High School, and when police arrived and approached [him], he fled inside the home of a stranger.  He pushed past the resident of the home with the police in pursuit.  He was eventually apprehended after a struggle.

Eleven (11) months later, he was charged with multiple counts of robbery and related offenses. On September 25, 2013, he was sentenced by the Honorable Maria Dantos on five (5) counts of [r]obbery and one (1) count of [a]ggravated [a]ssault. The total sentence was not less than ten (10) years nor more than twenty (20) years in a state correctional institution.

A parole violation hearing . . . was held before this [c]ourt on October 7, 2013. [Appellant] conceded the allegations of the parole violation petition and was remanded to serve the balance of his sentence in a state correctional institution. Additionally, the parole violation was ordered to run consecutively with [the sentence imposed for the robbery and aggravated assault counts].

On October 16, 2013, a "Motion for Reconsideration of Sentence" was filed. [Appellant] alleged the sentence imposed by Judge Dantos was "sufficient to protect the community and address his rehabilitative needs." The [reconsideration] motion, contrary to the certificate of service, was not served on this [c]ourt. As a result, this [c]ourt did not have the opportunity to review the [m]otion until after being served with the [n]otice of [a]ppeal. Having done so, it was denied on November 7, 2013.

A [n]otice of [a]ppeal was filed on November 6, 2013. Pursuant to Pa.R.A.P. 1925(b), this [c]ourt directed [Appellant] to file a [c]oncise [s]tatement. [Appellant] did so on November 22, 2013, wherein it is alleged that the parole violation should have been imposed concurrently with the new conviction.

Trial Court Opinion, 11/25/13, at 1-2. Addressing Appellant's sentencing argument, the trial court concluded that "the decision to remand [Appellant] to serve the parole violation consecutively to his new crimes was not an abuse of discretion." *Id.* at 5.

On appeal, Appellant raises a single argument for our review.

Whether the lower court erred and abused its discretion when, after determining that [Appellant] had violated conditions of his parole based upon new convictions, resentenced [Appellant] to the balance of his original incarceration and ordered that it run consecutive to the new sentences [Appellant] was ordered to serve for the new charges.

***Anders*/*Santiago*** Brief at 7. Differently put, Appellant challenges the VOP court's discretion to order him to serve the balance of his previous sentence

for criminal trespass *consecutively* with the sentence imposed for the crimes he committed while on parole.

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's petition to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his **Anders** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** brief complies with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's brief reveals that he has substantially complied with the briefing requirements of **Santiago**. Although in providing a summary of the procedural history and facts, he arguably failed to cite to the record in his brief, we do not consider such omission grounds for denying the petition to withdraw. **See generally Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (granting petition to withdraw where brief "substantially, if not perfectly complie[d] with **Anders**"). We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Preliminarily, we observe:

Unlike a probation revocation, a parole revocation does not involve the imposition of a new sentence. Indeed, there is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled. Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.

Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence. As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing that the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

*Commonwealth v. Kalichak*, 943 A.2d 285, 290-91 (Pa. Super. 2008) (internal citations omitted). Here, as noted above, Appellant is not challenging the revocation of his parole, but rather the VOP court's discretion to order him to serve the remainder of his previous sentence consecutively with the new sentence for robbery and aggravated assault. In this regard, Appellant contends that the consecutive sentence was unreasonable and unnecessary. *Anders*/*Santiago* Brief at 11. Specifically, Appellant

contends that although "the new charges were serious and required meaningful punishment," the VOP court "should not have imposed the consecutive sentence for the parole violation." *Id.* He contends the time added for the remainder of his previous sentence to his sentence for robbery and aggravated assault was harsh and excessive, because "the need to punish [him] was adequately served by" the new sentence. *Id.* at 12.

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-

- 6 -

case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his motion to reconsider the sentence, and included a Pa.R.A.P. 2119(f) statement in his brief.[1] Thus, we must determine only if Appellant's sentencing issue raises a substantial question.

We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). This Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits."

---

[1] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

*Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008)

(quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)).

A Rule 2119(f) statement is inadequate when it "contains incantations of

statutory provisions and pronouncements of conclusions of law[.]"

*Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation

omitted).

> Here, Appellant asserts in his Rule 2119(f) statement
>
> the [VOP court] erred by giving him a consecutive sentence which was not justif[ied] or support[ed] in any basis of law or fact. . . . [The VOP court] abused its discretion by imposing the sentence consecutive to the sentences imposed from the new charges, such that it resulted in having him serving additional time in a State Correctional Institute [sic]. . . . The evidence regarding the length of the sentence[] imposed in the new cases should have been sufficient to properly punish him and that the imposing [of] the parole violation consecutive to the new sentence[] was unreasonable.

*Anders*/*Santiago* brief at 10. Based on Appellant's 2119(f) statement, we

conclude that he has failed to raise a substantial question. Here, Appellant

merely challenges the maximum sentence of 23 months' imprisonment for

parole violation, which the VOP court imposed consecutively with his

sentence of 10 to 20 years' imprisonment for robbery and aggravated

assault. In addressing the existence of a substantial question, this Court has

remarked:

> A defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, *a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question*. **See** [] **Moury**, 992 A.2d [at] 171-72 [] ("The imposition of consecutive, rather than concurrent, sentences

may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (emphasis added).  Thus, under ***Dodge***, Appellant's challenge to a trial court's imposition of consecutive, instead of concurrent, sentences does not raise a substantial question.[2]

We have conducted an independent review of the record and addressed Appellant's issue regarding the consecutive nature of sentence imposed for his parole violation.  Based on our conclusions above, we agree with counsel that the issue Appellant seeks to litigate in this appeal is wholly frivolous.  Also, we do not discern any non-frivolous issues that Appellant could have raised.  We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw granted.

Olson, J., concurs in the result.

_____

[2] It is well-settled that a trial court has discretion to impose sentences concurrently or consecutively.  ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013), ***appeal denied***, 77 A.3d 1258 (Pa. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2014